COMMONWEALTH *v.* WM. WARD's Administrator.

WM. WARD's Administrator, *v.* JAS. GREEN ET AL.

**Trust—Failure for Want of Trustee.**
   It is a well settled principle that a trust will not fail for the want of
a trustee.

APPEAL FROM ANDERSON CIRCUIT COURT.

November 23, 1867.

OPINION OF THE COURT BY JUDGE HARDIN :

William Ward died in March, 1863, about 62 or 63 years of
age. He was of illegitimate birth, and had never been married,
and left no kindred capable of inheriting from him under our law
of descents. He was the natural first cousin of Martha Green,
the mother of the appellees, William Green and Sallie C. Green,
and wife of James Green, with whom he at times resided; and
being the owner of two small tracts of land lying in the counties
of Anderson and Nelson, he appears to have put Green and his
family in possession of the land about 1851, and they have since
continued to live on the land, with an interruption of two or three
years, including the year in which Ward died.

This suit was brought in October, 1863, by the appellant, R. M.
Kerchival, as the administrator of Ward against Green and his
said children and Jane Mayhall, the natural aunt of Ward, who,
as the petition alleges, claims to be his heir-at-law.

The petition seeks to set aside a supposed writing, under which
Green claimed to hold the land in the right of his children, and
to subject the land, or part of it, to debts alleged to be owing by
the estate. Said writing being alleged to be the result of a fraud
on Ward and his creditors and not his act and deed.

Green filed an answer and with it exhibited the writing referred
to, which purports to be the bond of Ward to Jesse Holtsclaw
dated the 6th of March, 1857, obligating Ward in the penalty
of $2,500 to convey the land to Holtsclaw as trustee for said chil-
dren of Green, for the recited consideration that Ward was in-
debted to Green in $1,250 upon three general bonds.

The Commonwealth was on petition made a party and concurring with the administrator of Ward that the bond was not valid. asserted claim to the land as having escheated to the State.

And the appellees, the children of Green, by a guardian *ad litem,* filed their answer claiming the land under said bond.

The court adjudged that said appellees were entitled to the land under the bond, and that their possession be quieted and the title conveyed to their use in pursuance of the bond, and from this judgment these appeals are prosecuted.

Although the opinions of the witnesses are conflicting as to the capacity of Ward to dispose of his property, and he was undoubtedly a weak man of eccentric manners and habits, it appears, we think, by a decided preponderance of the evidence that he was competent at the date of the bond to make a valid contract or disposition of his property. The witnesses who testify to his capacity are sustained by the undeniable facts that he had learned a difficult mechanical trade and by his own frugality accumulated the property in controversy.

We are not satisfied that Ward really owed Green the $1,250 expressed in the bond, or that Green paid in money any adequate price for the land. But though it is most probable that for some reason which both Ward and Green understood and approved, the consideration expressed in the bond was fictitious, it is clearly shown that Ward was much attached to Green's wife and children and recognized a relationship and obligation to them, and on that account repeatedly expressed the intention to give the land to Green's children. The execution and delivery of the bond are sufficinetly proved, and on well settled principles the failure of Holtsclaw to accept the trusteeship could not defeat the trust.

It does not appear that the bond was made in fraud of the rights of creditors at the time, nor is it shown by the administrator that it is necessary to sell any real estate for the purpose of paying debts.

We perceive no error in the judgment prejudicial to either of the appellants, and it is therefore affirmed on both appeals.